IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OC TINT SHOP, INC.,

    Plaintiff,

v.

CPFILMS, INC., EASTMAN CHEMICAL
COMPANY, EASTMAN PERFORMANCE
FILMS, LLC, and DOES 1 through 100,
inclusive,

    Defendants.

Civil Action No. 17-1677-RGA

MEMORANDUM OPINION

John C. Phillips, Jr and David A. Bilson, PHILLIPS GOLDMAN MCLAUGHLIN & HALL, P.A., Wilmington, DE.

    Attorneys for Plaintiff.

Donald E. Reid, Thomas W. Briggs, Jr., and Anthony D. Raucci, MORRIS, NICHOLS, ARSHT & TUNNEL LLP, Wilmington, DE.

    Attorneys for Defendants.

September 27, 2018

1


**ANDREWS, U.S. DISTRICT JUDGE:**

Defendants CPFilms, Eastman Chemical Company, and Eastman Performance Films filed a motion to dismiss Plaintiff OC Tint Shop's First Amended Complaint for failure to state a claim. (D.I. 36). The Court has considered the parties' briefing. For the following reasons, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss for failure to state a claim.

## I. BACKGROUND

As alleged by the Complaint, the facts are as follows. Plaintiff has been in the business of installing window tinting film for approximately twelve years. (D.I. 35 at 3). Plaintiff has "purchased SunTek window tinting film from Defendants at their Anaheim location" for a number of those years. *Id.* From early 2016 on, Plaintiff noticed that the quality of the film purchased from Defendants had diminished considerably. *Id.* Plaintiff has found that the film will often not peel off the liner before installation or is so sticky that it causes difficulty when installing the product. *Id.* Plaintiff has also noticed specks on the liner and experienced the liner not having enough had adhesive from proper installation. *Id.* at 3-4. Due to these defects, Plaintiff has incurred substantial losses due to providing warranty work for its customers to replace or repair the defective film. *Id.* at 4.

Plaintiff alleges that the degradation of quality resulted from Defendants' decision to cut costs by removing an ingredient from the manufacturing of the film. *Id.* Plaintiff has alleged substantial incurred costs in the following amounts: "$275,000.00 for defective window tinting film purchased from Defendants, dating back to 2016;" $720,000.00 in "additional costs in paying its employees to re-install the new tinting film; $10,000.00 for defective film purchased,

2

but still in Plaintiff's possession; $46,000.00 incurred in warranty work as a result of the defective window tinting film; and approximately $176,000.00 in lost revenue." *Id.* at 5.

Plaintiff brought this action against Defendants CPFilms and Eastman Chemical Company in the Superior Court of California, Orange County. Plaintiff seeks recovery for Breach of Contract, Breach of Warranties, Breach of Good Faith and Fair Dealing, Violation of CA Unfair Competition law, Intentional Interference with Prospective Economic Relations, Negligent Interference with Prospective Economic Relations, Intentional Interference with Contractual Relations, Intentional Misrepresentation, Negligent Misrepresentation, and Concealment. (D.I. 35). Plaintiff also seeks a Declaratory Judgment. *Id.*

Defendants removed the case pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). (D.I. 1). Defendants then filed a Motion to Dismiss Complaint Under Forum Non Conveniens, or in the Alternative to Transfer Action to District of Delaware based upon a choice-of-forum clause in the sales contract. (D.I. 10). The United States District Court for the Central District of California granted the Motion the Transfer. (D.I. 23). By stipulation, the Parties agreed that Plaintiff could amend its Complaint. (D.I. 34). After Plaintiff filed its First Amended Complaint (D.I. 35), Defendants filed their motion to dismiss. (D.I. 36).

## II. LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to

3

relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." "A pleading is sufficient under Rule 9(b) if it states the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *In re Sony*, 758 F. Supp. 2d 1077, 1087 (S.D. Cal. 2010) (internal quotations marks omitted); *see also Gerbitz v. ING Bank, FSB*, 967 F. Supp. 2d 1072, 1078 (D. Del. 2013) (laying out "the who, what, where, when, how, and why" of plaintiff's fraud claims).

## III. DISCUSSION

### A. Choice of Law

A federal court sitting in diversity must apply the law of the forum state. In Delaware, the "most significant relationship test" governs the choice of law analysis for both contract and tort claims. *Deuley v. DynCorp Intern., Inc.*, 8 A.3d 1156, 1160 (Del. 2010); *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991). "The Delaware Supreme Court has determined that for contract claims, the Court must consider several factors in determining which forum's law to apply, including 'the place of contracting, the place of negotiation, the place of performance, the

location of the subject matter of the contract, and the domicile, residence, nationality, place of incorporation and place of business of the parties.'" *Enzo Sci., Inc. v. Adipogen Corp.*, 82 F. Supp. 3d 568, 595 (D. Del. 2015) (quoting *In re Am. LaFrance, LLC,* 461 B.R. 267, 272 (Bankr. D. Del. 2011)). Under Delaware law, choice-of-law provisions are generally enforceable. *Enzo Sci., Inc.*, 82 F. Supp. at 595 (citing *Weiss v. Nw. Broad. Inc.*, 140 F. Supp. 2d 336, 442 (D. Del. 2001)).

For tort claims, courts must consider several factors including the place where the injury occurred, the place where the conduct causing the injury occurred, the domicile, residence, nationality, place of incorporation and place of business of the parties, and the place where the relationship, if any, between the parties is centered. *Travelers Indem. Co.*, 594 A.2d at 47. Furthermore, "the effect of misrepresentation, duress, undue influence and mistake upon a contract is determined by the law selected by application of the rules of [Restatement (Second) of Conflict of Law] §§ 187-88. In turn, § 187 allows the law of the state chosen by the parties to govern contractual rights and duties unless the chosen state lacks a substantial relationship to the parties or transaction or applying the law of the chosen state will offend a fundamental policy of a state with a material greater interest." *Abry Partners V, L.P. v. F & W Acquisition LLC*, 891 A.2d 1032, 1047 (Del. Ch. 2006).

Here, the contract between the parties states that Delaware law governs any dispute arising from the contract. The Court sees no reason to disturb that choice-of-law provision as applied to the contract claims. Additionally, Plaintiff's tort claims center on Defendants' misrepresentations and those misrepresentations' effect on the contractual relationship between the parties. Under Delaware law, the law of the state chosen by the parties to govern contractual rights and duties should therefore apply to Plaintiff's tort claims as well.

## B. Contract Claims (Counts I-IV)

Plaintiff's Complaint alleges the following causes of action in contract: breach of contract (Count I), breach of the implied warranty of merchantability (Count II), breach of the express warranty of merchantability (Count III), and breach of implied warranty of fitness for a particular purpose (Count IV). Defendants assert that Plaintiff's contract claims are precluded by (1) the contract's express exclusion of express and implied warranty claims and (2) the contract's limitation of liability provision. (D.I. 37 at 3-4). Plaintiff argues that Defendants are retroactively barred from arguing that the Contract's disclaimer of warranties exempts Defendants from liability because Plaintiff had been purchasing Defendants' product before receiving the contract in early 2016. (D.I. 40 at 4-5). Plaintiff also argues that the limitation of liability provision (1) is unconscionable and (2) "fails of its essential purpose." *Id.* at 6-9.

### i. The Disclaimer of Warranties and the Limitation of Liability Provision are Permitted under Delaware Law

#### 1. Disclaimer of Warranties

Delaware law permits contracting parties to exclude warranties of merchantability and fitness in commercial contracts. Del. Code Ann. tit. 6 § 2-316(2). The contract language "must mention merchantability and in case of a writing must be conspicuous" to exclude the warranty of merchantability. *Id.* To exclude the implied warranty of fitness, the contract language must be "a writing and conspicuous." *Id.* Here, the contract language mentions merchantability, is in writing, and is clearly conspicuous. Specifically, the warranty disclaimer is set off from the surrounding text of the contract in all capitals text. (D.I. 37, Ex. B at ¶ 2). This language is sufficient to preclude all such warranty claims.

Plaintiff's argument that Defendants are retroactively barred from asserting the warranty disclaimer for all of Plaintiff's purchases is incorrect. While Plaintiff has been

6

purchasing product from Defendant since before early 2016, Defendants provided Plaintiff with the new contract in January 2016. As Plaintiff alleges in its Complaint, the breach of contract began in early 2016, around the same time that the new contract was provided. (D.I. 35 at 4). Even taking these facts in the light most favorable to Plaintiff, Defendants are not barred from asserting the disclaimer of warranties as to any purchases after Plaintiff received the new contract terms in January 2016. Plaintiff chose to continue purchasing Defendants' products despite the new terms of sale, and thereby accepted the warranties disclaimer. Plaintiff's claims are therefore subject to the warranty disclaimer.

### ii. The Limitation of Liability Provision

Delaware law permits parties to "limit or alter the measure of damages recoverable" under a contract and specifically permits consequential damages to be "limited or excluded unless the limitation or exclusion in unconscionable." Del. Code Ann. tit. 6 § 2-719(1), (3). There are two types of unconscionability—procedural and substantive. Procedural unconscionability alleges defects in the process adopting the contract provision. *James v. Nat'l Fin., LLC*, 132 A.3d 799, 815 (Del. Ch. 2016). Substantive unconscionability has to do with the content of the contract provision. *Id.* ("An agreement is substantively unconscionable if the terms evidence a gross imbalance that shocks the conscience.") (internal quotations omitted). However, the unconscionability analysis considers both in unity with each other. *Id.* Delaware law specifies that the "limitation of damages where the loss is commercial is *not*" prima facie unconscionable. Del. Code Ann. tit. 6 § 2-719(3) (emphasis added). In determining whether a contract provision is unconscionable, the burden of proof lies on the party claiming unconscionability. *Pig Imp. Co. v. Middle States Holding Co.*, 943 F. Supp. 392, 402 (D. Del 1996); *James*, 132 A.3d at 814.

Plaintiff argues that the limitation of liability provision is unconscionable because Defendants changed the ingredients in manufacturing the window tint film, causing the quality of the film to decline without Plaintiff's knowledge. (D.I. 40 at 6). Plaintiff further alleges that Defendants changed the contract without engaging in negotiation with Plaintiff. However, where both parties are commercial actors, the threshold for a finding of procedural unconscionability is high. Here, Defendants provided the contract to Plaintiff in January 2016, stating that it would govern all purchases going forward. (D.I. 37, Ex. A at 2.) Plaintiff could have negotiated different terms or purchased film from a different supplier if it did not like the terms in the contract. They did not do so. There was no procedural unconscionability in Plaintiff's acceptance of the Contract terms. Furthermore, the limitation of liability provision is not substantively unconscionable. The contract did not preclude all remedies, but merely limited the remedies under the contract to a refund for or replacement of defective film. (*Id.* at Ex. B ¶ 3.) Moreover, the losses Plaintiff alleges are solely commercial losses which weighs against a finding of substantive unconscionability.

### iii. The Limitation of Liability Provision Does Not Fail of its Essential Purpose

Delaware law provides that limitation of liability provisions will not be enforced where circumstances cause the limited remedy to "fail of its essential purpose." Del. Code Ann. tit. 6 § 2-719(1)(a), (2). Where a provision limits remedies to repair or replacement, Delaware law requires that the defect be corrected within a reasonable time to avoid a "failure of its essential contractual purpose."[1] *J.A. Jones Constr. Co. v. City of Dover*, 372 A.2d 540, 550 (Del. Super. Ct. 1977).

---

[1] Stated differently, when a contract limits a remedy to repair or replacement, the repair or replacement is designed to promptly put the purchaser of goods into a position where it gets the benefit of the bargain it made. When it does not get the repair or replacement promptly, it does

Plaintiff argues that the limitation of liability provision does not apply because it failed of its essential purpose; Plaintiff did not receive a refund or a replacement within a reasonable time. Defendants counter that Plaintiff's complaint does not contain these allegations and therefore must be dismissed.

Federal Rule of Civil Procedure 12(d) provides, "If on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Where there has not been sufficient discovery for all parties to be in a position to present all material pertinent to a motion for summary judgment, courts may exclude affidavits from consideration in deciding a motion. *Ospina v. Dep't of Corrections, State of Del.*, 749 F. Supp. 572, 574 (D. Del 1990) (citing *Melo v. Hafer*, 912 F.2d 628, 634 (3d Cir. 1990)). In this case, no discovery has taken place. Therefore, the Patel Declaration (D.I. 41) is excluded from consideration of this motion. However, Plaintiff has alleged facts in its Complaint that would give rise to a reasonable inference that the limitation of remedies provision had failed of its essential purpose. (D.I. 35 ¶32 ("Plaintiff has taken reasonable steps to notify Defendants of these defects and has provided Defendants with reasonable time to remedy this situation as evidenced in Plaintiff's letter dated June 9, 2017 . . . , but Defendants failed to do so."), ¶ 39-40, ¶ 51).

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss COUNTS I-IV.

---

not get the benefit of the bargain, and it then has damages. *See J.A. Jones Constr. Co.*, 372 A.2d at 550 (discussing rationale of *Beal v. General Motors Corp.*, 354 F. Supp. 423 (1973)).

9

## C. Good Faith and Fair Dealing (Count XI)[2]

To sufficiently allege a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege (1) a specific obligation implied in the contract, (2) a breach of that obligation, and (3) resulting damages. *Koloni Reklam, Sanayi, Ticaret LTD/STI v. Bellator Sport Worldwide LLC*, 2017 WL 5172397, at *3 (D. Del. Nov. 8, 2017); *Fortis Advisors LLC v. Dialog Semiconductors PLC*, 2015 WL 401371, at *3 (Del. Ch. Jan. 30, 2015). Plaintiff alleges in the Complaint that Defendant has breached their implied duty of good faith and fair dealing by failing to provide conforming goods. Specifically, Plaintiff alleges that Defendants changed the ingredients used in the manufacturing of the window tint film which decreased the quality of the product.

In Delaware, the implied duty of good faith and fair dealing is a "limited and extraordinary remedy," which only "requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." *Nemec v. Shrader*, 991 A.2d 1120, 1128 (Del. 2010) (internal quotation marks omitted). The implied covenant of good faith and fair dealing cannot be used by a party to expand its contract rights where the contract speaks to that party's rights. *Allied Capital Corp. v. GC-Sun Hldgs., L.P.*, 910 A.2d 1020, 1032 (Del. Ch. 2006) ("implied covenant analysis will only be applied when the contract is truly silent with respect to the matter at hand"). To determine whether the implied covenant applies, the Court must first determine whether there is a contractual gap. "If a contractual gap exists, then the court must determine whether the implied covenant should be used to supply a term to fill the gap. Not all

---

[2] Plaintiff's Complaint has two "ninth causes of action." I have renumbered the second Count IX and subsequent counts.

gaps should be filled, however, because filling the gap with the implied covenant grants parties 'contractual protections that they failed to secure for themselves at the bargaining table.'" *Reklam*, 2017 WL 5172397, at *5 (quoting *Aspen Advisors LLC v. United Artists Theatre Co.*, 843 A.2d 697, 707 (Del. Ch. 2004)).

Here, the contract specifically addresses the conduct that Plaintiff has alleged as Defendant's breach of the duty of good faith and fair dealing. Specifically, the contract provides that Defendant "warrant[s] that the products when shipped will meet [their] written specifications" but disclaims the warranties of merchantability and fitness for any particular purpose. (D.I. 37, Ex B ¶ 2.) As stated above, the implied covenant applies only when the contract is "truly silent" as to the claimed conduct. *Allied Capital Corp.*, 910 A.2d at 1032. Therefore, CPFilm's motion to dismiss COUNT XI, for breach of the implied covenant of good faith and fair dealing, is GRANTED.

### D. Torts Claims (Counts V-X)

Plaintiff's complaint alleges six tort claims: intentional interference with prospective economic relations (Count V), negligent interference with prospective economic relations (Count VI), intentional interference with contractual relations (Count VII), intentional misrepresentation (Count VIII), negligent misrepresentation (Count IX), and concealment (Count X). As discussed above, Delaware law governs these claims.

Defendants argue that Plaintiff's tort claims must be dismissed because the claims (1) fail to state a claim independent from the breach of contract claims, (2) are precluded by the economic loss doctrine, and (3) for the misrepresentation and concealment counts, the Complaint does not satisfy the pleading requirements of Rule 9(b). (D.I. 37 at 6-9). Plaintiff responds that the tort claims are not based upon a failure to perform under the contract, but upon Defendants'

11

sale of defective products to the public at large and misrepresentations of the product's quality. (D.I. 42 at 6-7). Plaintiff failed to respond to Defendants' argument about the economic loss doctrine. (D.I. 42).

### i. Negligent Interference with Prospective Economic Relations (Count VI)

As a matter of law, Delaware does not recognize a cause of action for negligent interference with prospective economic relations. *See Insur. Co. of N. Am. v. Waterhouse*, 424 A.2d 675, 678 (Del. Super. Ct. 1980). Therefore, CPFilm's motion to dismiss COUNT VI is GRANTED.

### ii. Impermissible Duplication of Contract Claims as Tort Claims

The prevailing law in Delaware requires that "a plaintiff bringing a claim based entirely upon a breach of the terms of a contract generally must sue in contract, and not in tort." *Data Mgmt. Int., Inc. v. Saraga*, 2007 WL 2142848, at *3 (Del. Super. Ct. July 25, 2007). Delaware courts have held, "Even an intentional, knowing, wanton, or malicious action by the defendant will not support a tort claim if the plaintiff cannot assert wrongful conduct beyond the breach of the contract itself." *Id.* However, if the alleged contractual breach is accompanied by the breach of an independent duty imposed by law, the same factual assertions may support both a breach of contract and tort claim. *Id.* In other words, "[t]o be viable, the tort claim must 'involve violation of a duty which arises by the operation of law and not by the mere agreement of the parties.'" *Cornell Glasgow, LLC v. La Grange Props., LLC*, 2012 WL 2106945, at *8 (Del. Super. Ct. June 6, 2012) (quoting *Data Mgmt. Int.*, 2007 WL 2142848, at *3).

Here, Plaintiff alleges in Counts I-IV of the Complaint that Defendants' breach of contract and warranties stemmed from Defendants' decision to "cut costs" by removing an ingredient from the film manufacturing process. (D.I. 35 at 7, 9, 11, 14.) This change, as Plaintiff

12

alleges, led to a degradation of quality in the window tint film, violating the terms of the contract. Defendants argue that Plaintiff fails to state a claim in Counts V-X because Plaintiff alleged these same facts to support the tort claims. (D.I. 37 at 7.)

A detailed examination of the tort claims[3] reveals that Defendants' assertion is only partially correct. Plaintiff's Complaint supports Count V and Count VII by alleging that Defendants' decision to cut costs and manufacture a defective product *alone* created the intentional interference with prospective economic relations and intentional interference with contractual relations. (D.I. 35 at 16-17, 20-22.) Therefore, under *Data Management Internationale* and *La Grange Properties, LLC*, Plaintiff does not assert sufficient facts to support either Count V or Count VII because no wrongful conduct beyond the breach of contract is alleged.

In contrast, Counts VIII-X do allege wrongful conduct beyond Defendants' breach of contract. To support Counts VIII-X, Plaintiff alleges both that Defendants manufactured defective products *and* that Defendants' misrepresentations and concealment of the change in their product from Plaintiffs led to the harm suffered. (D.I. 35 at 22-27.) As set out in the Federal Rules, the pleading requirements ask "whether the factual allegations of the Complaint—not the precise pleading of a specific statute or law—provide [Defendant] with fair notice of the claims asserted against it." *Yeiser Research & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021, 1037 (S.D. Cal 2017) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The allegations, construed in the light most favorable to Plaintiff, include the wrongful conduct of

---

[3] Excluding Count VI as the Court has already determined that the stated cause of action does not exist under Delaware law.

fraud in the inducement of the contract, not just breach of the contract. Therefore, these claims may not be dismissed under *Data Management Internationale* and *La Grange*.

### iii. Economic Loss Doctrine

Defendants also allege that Plaintiff's tort claims are barred by the economic loss doctrine. Plaintiff failed to respond to these contentions. The economic loss doctrine limits a contracting party's ability to recover in tort to losses "accompanied by bodily harm or property damages" and prohibits recovery for losses that are "solely economic in nature." *J.C. Trading Ltd. v. Wal-Mart Stores, Inc.*, 947 F. Supp. 2d 449, 459 (D. Del. 2013); *see also Commonwealth Constr. Co. v. Endecon, Inc.*, 2009 WL 609426, at *4 (Del. Super. Ct. Mar. 9, 2009) ("Contract-warranty law has evolved to protect a different interest: . . . the "bargained for expectations of both contracting parties and other foreseeable users who suffer loss when a product is unfit for its intended use.") (quoting *Danforth v. Acorn Structures, Inc.*, 608 A.2d 1194, 1195-96 (Del. 1992)). However, even cases cited by Defendants recognize that there are some exceptions to the economic loss doctrine for intentional torts. *See Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc.*, 844 F. Supp. 2d 519, 529 (D. Del. 2012) ("Fraudulent inducement is, however, a recognized exception to this doctrine."); *see also Cavi v. Evolving Sys., Inc.*, 2017 WL 658470, at *7 (D. Del. Feb. 17, 2017) ("Allegations of fraud that go directly to the inducement of the contract, rather than its performance, present a viable claim" not barred by the economic loss rule). Thus, the intentional torts of Counts VII and X may proceed.

A cause of action for negligent misrepresentation may be permitted by an exception to the economic loss doctrine. To maintain a cause of action for negligent misrepresentation notwithstanding the economic loss doctrine, "a plaintiff must prove: 1) defendant supplied the information to plaintiff for use in business transactions with third parties; and 2) defendant is in

14

the business of supplying information." *Kuhn Constr. Co.*, 844 F. Supp. 2d at 527. If the information provided is "merely ancillary to the sale of a product or service ... defendant will not be found to be in the business of supplying information." *Id.* (quoting *RLI Ins. Co. v. Indian River Sch. Dist.*, 556 F. Supp. 2d 356, 362. (D. Del. 2008)). Here, any provision of information by Defendant to Plaintiff about the quality of the film was incidental to the sale of that film. Therefore, Defendant is not "in the business of supplying information" and the exception to the economic loss doctrine does not apply. Therefore, the Court GRANTS Defendants' motion to dismiss COUNT IX.

### iv. Heightened Pleading Standard

Therefore, the Court must consider whether Plaintiff has provided sufficient factual allegations to support Counts VIII and X. As stated above, claims of fraud must be pled with particularity under Rule 9(b). Specifically, Complaints must include the "who, what, when, where, why, and how" to be sufficient under Rule 9(b). Defendants argue that Plaintiff's tort claims fail to meet Rule 9(b)'s standard because they "fail to sufficiently plead the time, place, and content of the alleged misrepresentations." D.I. 37 at 6.

"To state a claim for intentional misrepresentation, the following elements must be pled: (1) deliberate concealment by the defendant of a material past or present fact, or silence in the face of a duty to speak; (2) that defendant acted with scienter; (3) an intent to induce plaintiff's reliance on the concealment; (4) causation; (5) damages resulting from concealment." *Pandora Jewelry, Inc. v. Stephen's Jewelers, LLC*, 2012 WL 2371043 (Del. Com. Pl. June 22, 2012) (citing *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 149 (Del. 1987)). Under Delaware law, fraudulent concealment has the same elements as intentional misrepresentation. *See Davis v. First Horizon Home Loan Corporation*, 2016 WL 9000111, at *2 (Del. Com. Pl. Jan. 21, 2016) (quoting

15

*Commonwealth Land Title Ins. Co. v. Funk*, 2015 WL 1870287, at *3 (Del. Super. Apr. 22, 2015)). "The majority of Delaware courts hold that an affirmative act is an essential element of fraudulent concealment." *Studiengesellschaft Kohle, mbH v. Hercules, Inc.*, 748 F. Supp. 247, 253 (D. Del 1990).

Plaintiff's Complaint alleges sufficient facts to permit its claims for intentional misrepresentation and concealment to go forward. Specifically, Plaintiff's Complaint alleges (1) Defendants deliberately concealed the change in the manufacturing of the window tint; (2) Defendants acted with scienter; (3) Defendants intended Plaintiff to rely on the quality of the previous product formulation; and (4) Defendants' concealment and misrepresentation led to (5) Plaintiff's purchase of defective product. Plaintiff meets the pleading standard under Rule 9(b). Plaintiff has alleged:

WHO: Llumar, an authorized agent of Defendants;

WHAT: Failed to inform Plaintiff that manufacturing and quality of film had changed;

WHEN: Starting in early 2016 and on an ongoing basis;

WHERE: In conversations with Defendants' agents at its Anaheim location;

HOW: Defendants failed to inform Plaintiff of the changes to the film's quality;

WHY: Plaintiff would continue to purchase Defendant's product.

Therefore, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Defendants' motion is GRANTED as to Counts V-VII & IX. Defendants' motion is DENIED as to Counts VIII and X.

### E. Unfair Competition (Count XII)

Defendants assert that Count XII of Plaintiff's Complaint must be dismissed because (1) it is based on inapplicable law under the Contract's choice-of-law provision and (2) even if

16

California law does apply, Plaintiff has failed to sufficiently plead the claim under Rule 9(b). Plaintiff responds, "Delaware has a similar unfair competition law that mirrors California's unfair competition law," and therefore Plaintiff's claim should be permitted to move forward.

The pleading requirements as set out in the Federal Rules ask "whether the factual allegations of the Complaint—not the precise pleading of a specific statute or law—provide [Defendant] with fair notice of the claims asserted against it." *Yeiser Research & Dev. LLC*, 281 F. Supp. 3d at 1037 (citing *Twombly*, 550 U.S. at 555); *see also In re Oakwood Homes Corp.*, 340 B.R. 510, 526 (Bankr. D. Del. 2006) ("Under the Federal Rules, the failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim.") (internal quotation marks omitted).

Here, the contract's choice-of-law provision states the applicable state law is Delaware law. However, Plaintiff's citation of the California unfair competition law in their Complaint does not, as Defendants argue, require that the Complaint be dismissed for the failure to state a claim. If a cause of action under Delaware law would be supported by Plaintiff's factual allegations, then the claim may proceed.

Plaintiff argues that a violation of Delaware's Uniform Deceptive Trade Practices Act ("the Act") would be supported by the factual allegations in Plaintiff's Complaint. The Act states:

> a) A person engages in a deceptive trade practice when, in the course of his business, . . . he:
> (3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another; ...
> (5) Represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have;
> ...

Del. Code Ann. tit. 6, § 2532(a)(3), (5).

The Act also requires that that for a plaintiff to have standing to assert it, the plaintiff must have a "horizontal" business relationship with the defendant. *Livery Coach Solutions, LLC v. Music Express/East, Inc.*, 245 F. Supp. 3d 639, 648 (D. Del. 2017). "A horizontal business relationship is one that 'exists between at least two businesses on the same market level, because they manufacture similar products in the same geographic region, or are direct competitors.'" *Id.* (quoting *Chase Bank USA, N.A. v. Hess*, 2013 WL 867542, at *5 (D. Del. Mar. 7, 2013)). Because Plaintiff and Defendant are not direct competitors, Plaintiff lacks standing to bring a claim under the Act. Therefore, Defendants' motion to dismiss Count XII is GRANTED.

### F. Declaratory Judgment (Count XIII)

The Parties agree that *Delaware State Univ. Student Housing Found v. Ambling Mgmt. Co.* sets out the correct standard for determining whether a claim for declaratory relief may be heard. 556 F. Supp. 2d 367 (D. Del. 2008). In determining whether to permit a declaratory judgment claim to move forward, the court "must ask whether the requested declaratory judgement will (1) clarify and settle legal relations in issue and (2) terminate and afford greater relied from the uncertainty, insecurity, and controversy giving rise to present action." 556 F. Supp. 2d at 374. As this Court has previously recognized,

> [c]ourts have discretion to dismiss a declaratory judgment claim when issuing a declaratory judgment would serve no useful purpose. *Aluminum Co. of Am. v. Beazer E., Inc.*, 124 F.3d 551, 560 (3d Cir. 1997). A declaratory judgment would serve no useful purpose when, for example, the controversy would be resolved by the disposition of another claim in the case. *JJCK, LLC v. Project Lifesaver Int'l*, 2011 WL 2610371, at *6 (D. Del. July 1, 2011) ("If the declaratory judgment claim bears complete identity of factual and legal issues with another claim being adjudicated by the parties, the Court is within its discretion to dismiss the declaratory judgment action." (quoting *Aldens, Inc. v. Packel*, 524 F.2d 38, 52 (3d Cir. 1975)) (internal quotation marks omitted)). Additionally, "[a] declaratory judgment is inappropriate solely to adjudicate past conduct." *Del. State Univ. Student Hous. Found. v. Ambling Mgmt. Co.*, 556 F. Supp. 2d 367, 374 (D. Del. 2008) (internal quotation marks omitted).

*Christiana Care Health Servs., Inc. v. PMSLIC Ins. Co.*, 2015 WL 6675537, at *5 (D. Del. Nov. 2, 2015).

Here, Plaintiff asks the court to permit a declaratory judgment claim solely to adjudicate past conduct. As Defendant notes, Plaintiff's declaratory judgment claim relies on the same facts and allegations as the prior counts of the Complaint. These facts and allegations solely concern past commercial transactions between the parties, not prospective ones. Therefore, Defendants' motion to dismiss COUNT XIII, for declaratory judgment, is GRANTED.

## IV. CONCLUSION

For the reasons stated, Defendants' motion to dismiss will be GRANTED as to Counts I-VII, IX, and XI-XIII and will be DENIED as to Counts VIII and X.

A separate order will be entered.